UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>JANE DOE, Bishop Dudley Supervisor of Shelter,<br><br>Defendant. | 4:25-CV-04112-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Charles Ray Johnson filed a pro se lawsuit alleging discrimination and retaliation. Doc. 1. Johnson also filed a motion for leave to proceed in forma pauperis. Doc. 2.

I.   **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Johnson's financial affidavit, this Court finds that he has insufficient funds to pay the filing fee. Thus, Johnson's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II. 1915 Screening

### A. Factual Background

Johnson alleges that he was discriminated against based on his race and disability by an unnamed supervisor at the Bishop Dudley House, Jane Doe. Doc. 1 at 1. The catalyst for the alleged discrimination was an incident involving mopping at the Bishop Dudley House. Id. While the details of the incident are unclear, Johnson describes a disagreement between himself and Doe, and that "Defendant had an attitude for no reason and became very snappy while slightly raising her voice[,]" and that this incident led to "non–stop confrontations" with Doe. Id. at 3.

Because of this incident, Johnson alleges that Doe retaliated against him and decided to "ban [him] from the Bishop Dudley House." Id. As a result, "Plaintiff being on disability (SSI & SSDI) decid[ed] to place a call to the cops who got supervisor to admit she was wrong. She retaliated because staff joined in on how she acted about mopping." Id. (capitalization in original omitted). Johnson claims that Doe "admitt[ed] on police body camera she did in fact discriminate for no reason and that she was wrong[]" and also that "she has been warned about her treatment of individuals housed at the shelter to which nothing has changed." Id. at 1 (capitalization in original omitted). Johnson states that "after the officer came & she admitted she recceded [sic] me being banned. But others havent [sic] been lucky." Id. at 3 (capitalization in original omitted).

Johnson seeks $1 million in damages, as well as injunctive relief in the form of a "new supervisor who does not become angry at guess [sic] who stay at the Bishop Dudley House." Id. (capitalization in original omitted).

### B. Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be

2

dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553-63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

### C. Legal Analysis

#### 1. Failure to State a Claim

Although "pro se complaints are to be construed liberally," the United States Court of Appeals for the Eighth Circuit held that "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The court explained:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

Id. at 915. While a plaintiff is not required to plead "detailed factual allegations," a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### a. Racial Discrimination Claim

Johnson generally alleges that his complaint arises out of "Discrimination By race & disability[.]" Doc. 1 at 1. This Court liberally construes Johnson's complaint to allege a racial discrimination claim under the Civil Rights Act of 1964. See generally Doc. 1.

42 U.S.C. § 2000a prohibits "discrimination or segregation on the ground of race, color, religion, or national origin[]" in places of public accommodation. 42 U.S.C. § 2000a(a); see also 42 U.S.C. § 2000a–2. A public accommodation includes "any inn, hotel, motel, or other establishment which provides lodging to transient guests[.]" 42 U.S.C. § 2000a(b)(1). Based on this definition, the Bishop Dudley House, a homeless shelter in Sioux Falls, would qualify as a public accommodation.

The United States Court of Appeals for the Eighth Circuit has held that a district court lacks jurisdiction over § 2000a–2 claims when the plaintiff "did not establish that they filed a charge with the appropriate state agency before filing their federal action." Zean v. Choice Hotels Int'l, Inc., 801 F. App'x 458, 459 (8th Cir. 2020) (per curiam). See also 42 U.S.C. § 2000a–3(c) (requiring notice to a state if the state has a law providing relief for prohibited denial of public accommodation); SDCL § 20–13–23 (prohibiting discrimination based on race in the provision of public accommodations); SDCL § 20–13–28 ("The Division of Human Rights may receive, investigate, and pass upon charges alleging unfair or discriminatory practices."). Because Johnson has not first established that he has filed a charge with the appropriate state agency, this Court lacks jurisdiction over his claim under 42 U.S.C. § 2000a.

Even if this Court had jurisdiction, Johnson has alleged insufficient facts to state a prima facie case under 42 U.S.C. § 2000a. "In order to establish a prima face case for discrimination under 42 U.S.C. § 2000a, plaintiff must show that []he (1) is a member of a protected group; (2) was similarly situated by circumstance to other individuals outside that group; and (3) was treated more harshly or disparately than similarly situated non-group members." Abdull v. Lovaas Inst. For Early Intervention Midwest, No. 13–2152, 2014 WL 6775275, at *6 (D. Minn. Dec. 2, 2014) (citing O'Neal v. Moore, No. 06–2336, 2008 WL 5068947, at *20 (D. Minn. Aug. 22, 2008), aff'd, 355 F. App'x 975 (8th Cir. 2009) (per curiam)), aff'd, 819 F.3d 430 (8th Cir. 2016).

Johnson's complaint does not sufficiently plead race discrimination. See Doc. 1, 7. He has not alleged how he was racially discriminated against, and the disparate treatment Johnson claims to have suffered appears to have resulted from a dispute over mopping. Id. at 1, 3. Johnson's complaint does not provide facts alleging that the mopping incident was race–related, or that he was banned from the Bishop Dudley House because of his race. Id. Thus, Johnson has alleged insufficient facts to state a claim upon which relief may be granted, and his 42 U.S.C. § 2000a claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 25 U.S.C. § 1915(e)(2)(B)(ii).[1]

### b.  ADA Discrimination Claim

As stated above, Johnson generally alleges that his complaint arises out of "Discrimination By race & disability[.]" Doc. 1 at 1. Liberally construing his complaint, he alleges discrimination in violation of Title III of the Americans with Disabilities Act ("ADA"). See generally Doc. 1.

---

[1] Even if Johnson had stated a claim, when a plaintiff brings a private action under § 2000a, "he cannot recover damages." Newman v. Piggie Park Enters., 390 U.S. 400, 402 (1968).

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Discrimination under Title III specifically includes the failure to make reasonable modifications in policies, practices, or procedure to accommodate a disabled individual, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the services." Mershon v. St. Louis Univ., 442 F.3d 1069, 1076 (8th Cir. 2006) (citing 42 U.S.C. § 12182(b)(2)(A)(ii)). A discrimination claim under Title III of the ADA "requires that a plaintiff establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953, 956 (8th Cir. 2018) (quoting Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008)).

For purposes of Title III, a "public accommodation" can include a homeless shelter or "other social service center establishment[.]" 42 U.S.C. § 12181(7)(K). Here, the alleged discrimination occurred at the Bishop Dudley House, a homeless shelter in Sioux Falls, South Dakota. Doc. 1. Thus, for the purposes of screening, Johnson has met the second prong.

Johnson, however, has not met the first prong to allege sufficient facts to establish his status as a disabled person as defined by the ADA. "The ADA defines a disabled person as an individual with a physical or mental impairment that substantially limits one or more of that person's major life activities, an individual who has a record of such an impairment, or an individual who is regarded as having such an impairment." Scheffler v. Dohman, 785 F.3d 1260, 1261 (8th Cir.

7

2015). See also 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2). An individual meets the "being regarded as having such an impairment" requirement "if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

Here, Johnson's reference to any possible disability is limited to the statement, "Plaintiff being on disability (SSI & SSDI)[.]" Doc. 1 at 3. He does not allege any facts that his alleged disability meets the definition of a disability under the ADA. Id. The United States Court of Appeals for the Eighth Circuit has held that "Social Security determinations, however, are not synonymous with a determination of whether a plaintiff is a 'qualified person' for the purposes of the ADA. At best the Social Security determination was evidence for the trial court to consider in making its own independent determination." Robinson v. Neodata Servs., Inc., 94 F.3d 499, 502 n.2 (8th Cir. 1996) (internal citations omitted).

Johnson likewise does not allege any facts providing a nexus between his disability and the alleged discrimination. See generally Doc. 1. His supplement, Doc. 7, does not provide any facts regarding Doe's conduct, but instead describes the conduct of other Bishop Dudley House employees. His supplement also describes the Bishop Dudley House's "unconstitutional policy that forbids them from complying with the civil summons process when an employee discriminate [sic] or retaliate [sic] on a civilian staying at The Bishop Dudley House[,]" but it is not clear how this assertion evidences or supports Doe's alleged discrimination and retaliation. Doc. 7 at 1.

Thus, Johnson's claims against Doe are dismissed without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C § 1915(e)(2)(B)(ii).[2]

### 2. Lack of Standing

Johnson's allegations also do not establish standing to sue. Broadly speaking, the standing inquiry concerns whether the plaintiff is the appropriate party to bring a particular suit. Raines v Byrd, 521 U.S. 811, 818 (1997); Flast v. Cohen, 392 U.S. 83, 99–100 (1968). The three requirements for standing are: (1) an injury in fact; (2) a causal connection between the injury and the law being challenged; and (3) a likelihood that a favorable decision will redress the injury. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102–03 (1998). To satisfy Article III standing, the injury "must be concrete and particularized and actual or imminent, not conjectural or hypothetical." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014) (cleaned up and citation omitted). "An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." Id. (cleaned up and citation omitted). Here, Johnson does not appear to claim an injury. While he alleges that Doe retaliated against him by banning him from Bishop Dudley House, he also states that Doe rescinded that ban. Doc. 1 at 3. Thus, Johnson has not alleged an injury in fact sufficient to establish standing.

After stating that his ban from the Bishop Dudley House was rescinded, Johnson states that "others havent [sic] been lucky." Id. Even if this Court construes this statement liberally as establishing that others have suffered an injury in fact, this claim fails. While a pro se plaintiff

---

[2] Assuming Johnson had stated a claim for discrimination under 42 U.S.C. § 12182(a), many courts have held that money damages are not recoverable. Johnson v. Ramada by Wyndham, 4:24-CV-04024-CCT, 2025 WL 1305797, at *3 (D.S.D. May 6, 2025) (citing 42 U.S.C. § 12188(a–b); 42 U.S.C. § 2000a-3(a); Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (citing 42 U.S.C. § 12188(a)(1)); Stebbins v. Leg. Aid of Ark., 512 F. App'x 662, 663 (8th Cir. 2013); Hillesheim v. Holiday Stationstores, Inc., 953 F.3d 1059, 1062 (8th Cir. 2020); Woods v. Wills, 400 F. Supp. 2d 1145, 1163 (E.D. Mo. 2005)).

may plead their own cases in federal court under 28 U.S.C. § 1654, a pro se plaintiff cannot bring claims on behalf of others. See Johnson v. Precythe, No. 2:19-cv-00010-PLC, 2019 WL 931925, at *1 (E.D. Mo. Feb. 26, 2019). Therefore, Johnson's complaint fails to establish standing to sue.

### III.    Conclusion

Accordingly, it is

ORDERED that Johnson's motion to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Johnson's complaint, Doc. 1, is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED September 5th, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE